UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RF DEVELOPMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1707** |
| **ALTIS GROUP INTERNATIONAL, LLC, ET AL.** | **SECTION: D (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff RF Development, LLC's Motion for Summary Judgment.[1] The Defendants, Altis Group International, LLC and Terranova Holdings, LLC, oppose the Motion,[2] and Plaintiff has filed a reply.[3] After careful review of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Plaintiff's Motion for Summary Judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff RF Development, LLC seeks to collect on a promissory note (the "Note") executed by Defendant Altis Group International, LLC ("Altis"). The Note was originally executed by Altis, as borrower, and Richard D. Farrell, as lender, on March 1, 2015, for the principal amount of $2,500,000.00, bearing interest at 15% per annum.[4] Some time later, Farrell transferred his interest in the Note to Plaintiff.[5] Following this transfer, the parties modified the loan agreement twice.[6] The first modification agreement, executed on January 1, 2016, modified the repayment terms

---

[1] R. Doc. 24.
[2] R. Doc. 25.
[3] R. Doc. 30.
[4] *See* R. Doc. 24-4.
[5] *See* R. Doc. 24-2 at ¶ 6.
[6] *See* R. Docs. 24-5, 24-6.

of the original agreement.[7]  In the second modification agreement, executed on January 1, 2017, Altis agreed to repay a principal sum of $4,000,000.00 at an interest rate of 10% per annum on or before January 1, 2022.[8]

In April 2019, Altis divisionally merged to become two separate entities: Altis Group International, LLC, and Terranova Holdings, LLC.[9] Altis survived the merger, while Terranova was created by the merger.[10]  The merger allocated all of Altis' outstanding liabilities to Terranova save for several contracts not relevant here.[11]  It is undisputed that the Plan of Merger allocated primary liability for the Note to Terranova.[12]

Following the April 2019 merger, Terranova paid approximately $2,870,000.00 on the Note to the Plaintiff between October 2019 and February 2023.[13]  The Note became due on January 1, 2022, and neither Altis nor Terranova fully paid the Plaintiff the outstanding amounts due under the Note although Terranova made three payments totaling $2,570,000.00 following the Note's date of maturity.[14] Plaintiff filed this lawsuit on April 14, 2023, in the 24th Judicial District Court for Jefferson Parish, Louisiana, seeking to collect on the Note against both Altis and

---

[7] *See* R. Doc. 24-5.
[8] *See* R. Doc. 24-6.
[9] *See* R. Doc. 24-7.
[10] *See id.*
[11] *See id.* at p. 3; R. Doc. 24-8.
[12] *See* R. Doc. 24-2 at ¶ 11.
[13] *See* R. Doc. 25-12; R. Doc. 25-14, *Affidavit of Jeff McNear*.  Although the Defendants state that Terranova paid approximately $2,600,000.00, the summary table and bank records indicate that Terranova paid approximately $2,870,000.00.
[14] R. Doc. 24-2 at ¶¶ 12–13; R. Doc. 25-12.  While Defendant contests ¶ 13, it only does so to the extent that Plaintiff asserts "Altis Group is in breach of the Promissory Note and may be liable for any amounts or obligations under the Promissory Note." R. Doc. 25-1 at ¶ 4.

Terranova.[15] The Defendants subsequently removed the case to this Court pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332.[16]

In the instant Motion, Plaintiff seeks to hold both parties jointly liable for the full outstanding amount of the Note, arguing that although the obligation was vested to Terranova by operation of the divisive merger, Altis was never released from its obligation under the Note.[17] Plaintiff asks the Court to enter summary judgment in its favor and to order both Defendants to pay the outstanding sums due Plaintiff, including the outstanding principals, interest, attorney's fees, and costs.

In their opposition, Defendants do not dispute the existence of the Note or the amounts owed to the Plaintiff under the Note.[18] In fact, the Defendants concede that Terranova is liable to the Plaintiff for the outstanding amounts due to the Plaintiff under the Note.[19] Instead, Defendants argue that, in accordance with the terms of its divisional merger and Texas law, Altis is not liable for the Note because Terranova is the primary obligor for Note. Defendants contend that Plaintiff has waived any right to seek payment from Altis because the Plaintiff did not object to the divisive merger and because the Plaintiff willingly accepted payments on the Note from Terranova. Additionally, Defendants argue that Plaintiff's "acquiescence" to the

---

[15] R. Doc. 1-2.
[16] R. Doc. 1. Plaintiff is an LLC with two named members, each of whom is a citizen of Louisiana. Defendant Altis is an LLC with two members, Ararat Investments, Inc. and Trafigura Altis Holding Inc. Ararat Investments, Inc. is a citizen of Texas. Trafigura Altis Holding Inc. is a citizen of Delaware and Texas. Defendant Terranova is an LLC with three members, two of whom are named citizens of Texas. The third member of Terranova is PTC Holdings, LLC which has three members, all citizens of Texas. Thus, there is diversity of citizenship. The amount in controversy has sufficiently been pled to be over $75,000.00.
[17] *See* R. Doc. 24.
[18] *See* R. Doc. 25; R. Doc. 25-1 at ¶ 1.
[19] *See* R. Doc. 25-1 at ¶ 4 ("As noted above, and conceded by the Plaintiff, the obligation to repay the loan 'was allocated and vested to Terranova.'"); R. Doc. 25 at p. 9.

divisive merger functioned as a novation extinguishing Altis' obligation to Plaintiff under the Note.

Plaintiff filed a brief reply in support of its Motion, contending that it does not challenge the Defendants' divisive merger's compliance with Texas law and that the question of whether Texas law treats Terranova as the "primary obligor" under the Note is irrelevant because Louisiana law applies to this dispute.[20] Plaintiff further argues that Altis remains liable under the Note and that no novation occurred because Plaintiff never gave written consent to release Altis from liability and never clearly expressed an intent to discharge Altis from its obligation.

## II. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[22] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[23] Instead, summary

---

[20] R. Doc. 30.
[21] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[22] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted).
[23] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[24]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[25] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[26] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[27] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[28]

---

[24] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson*, 477 U.S. at 248).
[25] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).
[26] *Id.* at 1265.
[27] *See Celotex*, 477 U.S. at 322–23.
[28] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

### III.  ANALYSIS

As the Court's Jurisdiction is based on diversity, the Court applies Louisiana substantive law, including Louisiana choice-of-law rules.[29] The first step under Louisiana's choice-of-law rules is to determine whether the laws of two or more states conflict.[30] If they do, the Court must conduct further analysis; if they do not, the Court must apply forum law, *i.e.*, Louisiana law.[31] Here, the parties have not identified any conflict between Texas and Louisiana law and the Court has not found a direct conflict. Moreover, the Note provides that Louisiana law governs the terms of the Loan Agreement and Note.[32] Accordingly, the Court applies Louisiana law to this action to recover on a promissory note.

In a suit to enforce a promissory note, summary judgment is appropriate where the moving party can show the existence of a note signed by the non-moving party and the non-moving party's default on that same note.[33] The Fifth Circuit has recognized that due to this "clear-cut and simple legal scheme . . . '[s]uits to enforce promissory notes are especially appropriate for disposition by summary judgment.'"[34] Under Louisiana law, "[o]nce the plaintiff, the holder of a promissory note, proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further

---

[29] *See Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Weber v. PACT XPP Tech., AG*, 811 F.3d 758, 770 (5th Cir. 2016) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)).
[30] *See Lonzo v. Lonzo*, 17-0549, p. 12 (La. App. 4 Cir. 11/15/17), 231 So. 3d 957, 966.
[31] *See Am. Elec. Power Co. v. Affiliated FM Ins. Co.*, 556 F.3d 282, 285 n.2 (5th Cir. 2009).
[32] *See* R. Doc. 24-4 at p. 2.
[33] *See, e.g.*, *Resolution Trust Corp. v. Marshall*, 939 F.2d 274, 276–77 (5th Cir. 1991).
[34] *See Bankers Tr. Co. of California, NA v. Boydell*, 46 Fed. Appx. 731, at *3 (5th Cir. 2002) (quoting *Marshall*, 939 F.2d at 276).

evidence."[35]  "[T]he authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings."[36]  "When signatures [on a promissory note] are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."[37]

The Defendants do not dispute the authenticity or existence of the Note.[38]  Nor do they dispute that Terranova is liable to Plaintiff for the outstanding amounts owed under the Note.[39]  Rather, the Defendants solely argue that summary judgment is inappropriate as to Altis because Altis transferred its obligation under the Note to Terranova by means of a divisive merger.  The Defendants argue that the Plaintiff has since waived its ability to seek recovery on the Note from Altis and may only pursue its claims against Terranova.  Accordingly, the question before the Court concerns the effect of the divisive merger on Altis' obligations under the Note and whether Plaintiff has waived its right to recover against Altis under Louisiana law.

The Court first addresses the Defendants' respective obligations and liabilities under the Note.  It is undisputed that Altis, as the borrower, was originally the sole obligor under the Note.[40]  However, as discussed above, in April 2019, Altis executed a divisive merger pursuant to Texas law whereby Altis merged to become two separate entities: Altis Group International, LLC, as the surviving domestic

---

[35] *See Premier Bank, Nat'l Ass'n v. Percomex, Inc.*, 92-243 (La. App. 3 Cir. 3/3/93), 615 So.2d 41, 43.
[36] La. R.S. 10:3-308(a).
[37] *Am. Bank v. Saxena*, 553 So.2d 836, 842 (La. 1989); *see also* La. R.S. 10:3-301, 10:3-308(b).
[38] *See* R. Doc. 25-1 at ¶ 1.
[39] *See* n.19.
[40] *See* R. Doc. 24-4.

organization, and Terranova Holdings, LLC, as the new domestic entity.[41] The Texas Business Organizations Code provides that "[w]hen a merger takes effect: all liabilities and obligations of each organization that is a party to the merger are allocated to one or more of the surviving or new organizations in the manner provided by the plan of merger."[42] Here, the Plan of Merger allocated to Terranova:

> 15. All liabilities relating to the operations of the Company [Altis] on or prior to the Effective Time of the Merger <u>other than</u> those allocated and vested to Altis Group International, LLC, as a Post-Merger Entity, under the Altis Contracts in Schedule A to the Plan of Merger.
> 16. All liabilities of the Company not specified on Schedule A.[43]

Schedule A reserved only four contracts to remain with Altis following the divisional merger, none of which concern the Note.[44] Moreover, Schedule A makes no mention of or reference to the Note.[45] As such, neither party disputes that the Plan of Merger allocated liability for the Note to Terranova. The Court thus finds that Terranova assumed Altis' liability under the Note pursuant to the divisive merger.

Despite this allocation of liability, Louisiana law, which the parties agree covers this dispute, supports Altis' continued liability here. Under Louisiana Civil Code article 1821, while an obligor may agree to an assumption by a third-party of the former's obligation, "the obligee's consent to the agreement does not effect a

---

[41] *See* R. Doc. 24-7.
[42] Tex. Bus. Orgs. Code Ann. § 10.008(a)(3)); *accord Peterson, Goldman & Villani, Inc. v. Ancor Holdings, LP*, 584 S.W.3d 556, 566 (Tex. App.—Fort Worth 2019, pet. denied).
[43] R. Doc. 24-8 at p. 5 (where "Company" refers to Altis Group International, LLC, as a pre-merger entity).
[44] *See id.* at p. 3.
[45] *See id.*

release of the obligor."[46] Further, the "unreleased obligor remains solidarily bound with the third person."[47] Similarly, "[a]n obligee and a third person may agree on an assumption by the latter of an obligation owed by another to the former."[48] However, such an agreement "must be made in writing" and "does not effect a release of the original obligor."[49] Applying those principles to the undisputed facts, Altis' allocation of its liability under the Note to Terranova did not amount to a release of Altis from any and all liability absent compliance with the codal requirements. Altis remains solidarily liable under Louisiana law with Terranova.

Texas law, to the extent that it is relevant, is not to the contrary. The Texas Business Organizations Code provides that "each . . . new domestic organization to which a liability or obligation is allocated under the plan of merger is the *primary obligor* for the liability or obligation."[50] Thus, because liability for the Note was allocated to Terranova, it follows that Terranova is the primary obligor for the Note. As primary obligor, however, that does not mean that Terranova is the *sole obligor* for the Note. Indeed, the Texas Business Organizations Code states that "no other party to the merger, *other than a surviving domestic entity* . . . liable or otherwise obligated at the time of the merger, is liable for the debt or other obligation [allocated under the plan of merger],"[51] underscoring that a surviving domestic entity, such as Altis, remains liable for an otherwise allocated debt or obligation. Defendants have

---

[46] La. C.C. art. 1821.
[47] *Id.*
[48] La. C.C. art. 1823.
[49] *Id.*
[50] Tex. Bus. Orgs. Code Ann. § 10.008(a)(4)).
[51] *Id.*

cited no law to contest this understanding of Texas law nor have they pointed to any case or statute which supports the proposition that once an obligation is transferred via a divisive merger, the obligations of the transferor are necessarily extinguished.[52] The Court finds that while Altis validly allocated its obligation under the Note to Terranova in the merger, thereby making Terranova the primary obligor under the Note under Texas law, nothing in Texas law supports that Altis extinguished all liability via the divisive merger.

Tellingly, Defendants do not outright argue that the divisive merger freed Altis from any and all liability under the Note.  Rather, the Defendants argue that Plaintiff's acquiescence to the merger amounts to a waiver of its ability to collect from Altis and, in the alternative, constitutes a novation of the Note.  Neither argument is availing.

Waiver, in Louisiana, is the "intentional relinquishment of a known right, power or privilege."[53] Waiver requires "an existing right, a knowledge of its existence, and an actual intention to relinquish it, or conduct so inconsistent with the intent to

---

[52] Defendants point to § 10.008(b) which provides that where a plan of merger does not provide for the allocation of "any liability or obligation of any party to the merger . . . the liability or obligation is the joint and several liability and obligation of, each of the surviving and new organizations." Tex. Bus. Orgs. Code Ann. § 10.008(b).  Because the plan of merger here *did* allocate the liability of the Note to Terranova, Defendants argue, Altis is therefore not jointly and severally liable for the Note.  This argument, however, does not account for § 10.008(a)(4)'s provision for liability for a surviving domestic entity, such as Altis.  That § 10.008(b) establishes joint and several liability in the event of no allocation of an obligation does not imply the complete release of liability where a merger allocates a particular obligation.  Moreover, Texas law, like Louisiana law, provides that an obligor's assignment or transfer of its liability to a third party does negate the liability of the original obligor or amount to a novation. *See, e.g.*, *Honeycutt v. Billingsley*, 992 S.W.2d 570, 579 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (quoting Restatement (Second) of Contracts § 318 (1981)).
[53] *F & M Mafco, Inc. v. Ocean Marine Contractors, LLC*, 434 F. Supp. 3d 428, 438 (E.D. La. 2020) (Feldman, J.) (quoting *Arceneaux v. Amstar Corp.*, 2010-2329, p. 18 (La. 7/1/11), 66 So. 3d 438, 450).

enforce the right as to induce a reasonable belief that it has been relinquished."[54] The party asserting waiver bears the burden of proof.[55] In support of their burden, the Defendants point to Plaintiff's purported knowledge of the divisive merger, failure to object to the allocation of liability for the Note, and eventual acceptance of payment from Terranova as evidence of Plaintiff's waiver of its right to seek payment against Altis.[56] None of these pieces of evidence, whether considered separately or together, amounts to waiver. Even assuming that Plaintiff did have knowledge of the divisive merger and could have objected to the plan of merger[57] whereby Terranova assumed Altis' liability for the Note, Louisiana law is clear than an obligee's consent to the assumption of an obligor's debt by a third-party does not amount to a release of the obligor's liability.[58] Therefore, Plaintiff's alleged acquiescence or agreement to the merger plan cannot constitute a waiver of its rights when blackletter law provides otherwise. It is not lost on the Court that Defendants even argue that Plaintiff "knowingly acquiesced to the allocation" in an effort to increase its probability of getting repaid.[59] The Court does not find that Plaintiff's lack of objection to the divisive merger, of which it was not a party, constitutes the "intentional relinquishment" of its rights. Because Plaintiff's knowledge of and implicit

---

[54] *Id.* (quoting *Arceneaux*, 66 So. 3d at 450–51).
[55] *Id.* (citing *Gunderson v. F.A. Richard & Assocs.*, 2009-1498, p. 16 (La. App. 3d Cir. 6/30/10), 44 So. 3d 779, 790).
[56] Plaintiff disputes that it knew of the divisive merger and that it failed to lodge any objection to the merger. *See* R. Doc. 30 at p. 4 n.3. Regardless, the Court does not find this dispute material because Plaintiff's alleged knowledge of and lack of opposition to the merger does not amount to waiver, as explained herein.
[57] Defendants fail to explain how Plaintiff, in its capacity as a creditor, could have objected to the merger.
[58] *See* La. C.C. art. 1821, 1823.
[59] R. Doc. 25 at p. 8.

agreement to the allocation of liability does not, as a matter of law, directly release Altis from liability, it cannot be said that by that same action Plaintiff actually intended to release Altis from liability.

Likewise, Defendants' argument that Plaintiff accepted payment from Terranova does not, on its own, support that Plaintiff waived any and all rights to enforce the terms of the Note against Altis. Again, Defendants urge the Court to find waiver by ignoring Louisiana law. By accepting performance from Terranova, Plaintiff impliedly recognized Terranova as an additional obligor; that recognition, however, does not serve as a release of the original obligor, Altis.[60] The logical conclusion of Defendants' argument is that any time an obligee accepts performance from a third-party that has assumed an obligation from the original obligor, the obligee waives its rights to seek performance from the original obligor, effectively releasing the obligor. As previously explained, such a result directly contradicts Louisiana law governing the transfer and assumption of obligations. Defendants achieve nothing by rebranding their argument as one of "waiver." A party cannot be said to have waived its legal rights by acting in accordance with its rights and relying upon the plain meaning of the law. In sum, Defendants have not met their burden in proving waiver.[61]

---

[60] *See* La. C.C. art. 1821, 1823; *see also* 5 La. Civ. L. Treatise, *Law Of Obligations* § 10.13 *Obligor is not released* (2d ed.) ("[B]y a mere demand of performance addressed to the third person the obligee expresses his willingness to recognize that person as obligor, which in a way involves the obligee's consent. In either case, however, the original obligor is not released.").

[61] Defendants argue that genuine factual disputes preclude the granting of summary judgment here. Defendants, however, do not state what these factual disputes are nor do they provide any evidence of a factual dispute. Summary judgment cannot be defeated by a bare invocation of a factual dispute, especially where no dispute is properly established.

The Defendants' novation argument too fails. Louisiana law defines novation as "the extinguishment of an existing obligation by the substitution of a new one."[62] As the Defendants recognize, the determining factor is the intent of the parties. "The intention to extinguish the original obligation must be clear and unequivocal. Novation may not be presumed."[63] Defendants rest their argument on Plaintiff's alleged acquiescence to the divisional merger. Defendants' argument is a nonstarter for similar reasons as to why their waiver argument is unavailing; Plaintiff's lack of opposition to a divisive merger of one of its debtors does not evince a "clear and unequivocal" intention to release Altis from liability under the Note, especially where the law provides for solidary liability. Louisiana law is clear that the transfer of an obligation to a third party does not amount to a novation "unless the creditor has *expressly* declared that he intends to discharge the delegating debtor."[64] "In other words, the assumption of an obligation by a third person does not effect a novation, unless the obligee clearly expresses his intention to regard the original obligation as extinguished and accept in lieu thereof a new obligation of the third person."[65] Plaintiff's supposed implicit release of Altis through Plaintiff's lack of objection to the merger does not constitute a novation. Because neither the evidence nor the law supports such an expression of Plaintiff's clear and unequivocal intent, the Court finds that no novation occurred here.

---

[62] La. C.C. art. 1879.
[63] La. C.C. art. 1880; *see also Latiolais v. Citizens' Bank of Louisiana*, 33 La. Ann. 1444, 1450 (1881).
[64] *Latiolais*, 33 La. Ann. at 1450.
[65] 5 La. Civ. L. Treatise, *Law Of Obligations* § 10.13 *Obligor is not released* (2d ed.).

Plaintiff has carried its burden at the summary judgment stage to enforce the Note against both Defendants, Altis and Terranova. Plaintiff has demonstrated the existence and authenticity of the Note as well as the Defendants' default on the Note. Accordingly, the Court grants the Motion.

As for Plaintiff's request for attorney's fees and costs, the Court notes that "[u]nder Louisiana law, attorney's fees ordinarily are not recoverable unless specifically authorized by statute or contract."[66] Here, the original loan agreement provides that in the event of default, the "borrower shall also be responsible for all reasonable attorney's fees and collection costs incurred by the Lender, at a minimum sum of $2,500.00."[67] That provision was unchanged by either of the two subsequent modifications to the loan agreement.[68] Accordingly, the Court finds that attorney's fees and costs are recoverable by the Plaintiff, with the amounts to be determined by subsequent motion.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment[69] is **GRANTED**.

**IT IS FURTHER ORDERED** that shall have **seven (7) days** from the date of this Order to submit a proposed judgment to the Court's email address, efile-

---

[66] *Hollybrook Cottonseed Processing, L.L.C. v. Am. Guarantee & Liab. Ins. Co.*, 772 F.3d 1031, 1036 (5th Cir. 2014) (citing *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 763 (La. 1985)).
[67] R. Doc. 24-4.
[68] *See* R. Doc. 24-5, 24-6.
[69] R. Doc. 24.

Vitter@laed.uscourts.gov. Plaintiff shall confer with counsel for Defendants prior to submitting the proposed judgment to work together to determine the outstanding amount due on the Note.

**IT IS FURTHER ORDERED** that the Plaintiff is awarded its reasonable attorney's fees incurred in the case, plus reimbursement of its reasonable litigation costs, in an amount to be determined pursuant to a motion to tax fees and costs to be submitted by the Plaintiffs after entry of Judgment in this matter.

New Orleans, Louisiana, April 16, 2024.

**WENDY B. VITTER**
**United States District Judge**